```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                    Case No. 8:03-cr-292-T-33TGW

JUAN JOSE EMILIO FLORES

_____/

**<u>ORDER</u>**

This matter comes before the Court upon consideration of Defendant Juan Jose Emilio Flores's pro se Motion for Compassionate Release (Doc. # 153), filed on December 14, 2020. For the reasons that follow, the Motion is denied.

**I.   <u>Background</u>**

In 2004, Flores pled guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. (Doc. ## 90, 97). The Court sentenced him to 292 months' imprisonment on March 18, 2005. (Doc. ## 115, 116). According to the Bureau of Prisons (BOP) website, Flores is fifty-five years old and his projected release date is January 7, 2022.

Flores now seeks compassionate release from prison due to the COVID-19 pandemic. (Doc. # 153). The government

responded in opposition (Doc. # 158) and Flores replied. (Doc. # 159). The Motion is ripe for review.

## II. Discussion

In his Motion, Flores requests compassionate release or a reduction in sentence due to "extraordinary and compelling reasons," explaining that his current facility has several active cases of COVID-19. (Doc. # 153 at 9).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. Flores requests a reduction in sentence under Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

But Section 3582(c) only empowers the Court to grant a

reduction in sentence on the defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (explaining that the First Step Act of 2018 "does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief").

In his Motion, Flores does not allege that he exhausted his administrative remedies. (Doc. # 153). Indeed, Flores fails to address the administrative exhaustion requirement at all. (Id.). The government, in its response, states that Flores filed an administrative request with his warden on December 14, 2020, but there is no record the warden denied the request. (Doc. # 158 at 5-6). Nor is there a record of Flores appealing the denial through the established procedures of BOP. (Id.).

In his reply, Flores seems to acknowledge that he has

3

not exhausted his administrative remedies. (Doc. # 159 at 6). Flores explains that he failed to exhaust all administrative remedies because the information did not exist in the limited prison library. (Id.). Flores also notes that he is not a professional lawyer, he only has a sixth-grade education, and his first language is Spanish. (Id.).

Since Flores fails to attach any evidence that he appealed his request through the requisite BOP programs, and seems to acknowledge that he has not yet exhausted his administrative remedies, he fails to establish that judicial review is warranted under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies").

Even if Flores has exhausted his administrative remedies, the Motion must be denied on the merits because his circumstances are not extraordinary and compelling. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate

4

release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1).

As the government points out, Flores does not allege having any medical conditions, much less a terminal illness or a serious medical condition that would make him more susceptible to health consequences if he contracted COVID-19. In both his Motion and reply, Flores requests compassionate release because several cases of COVID-19 have been found at his current facility, North Lake Correctional Facility. (Doc. # 153 at 9; Doc. # 159 at 11).

But "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, Flores has not shown an extraordinary and

compelling reason that justifies compassionate release. His Motion is accordingly denied.

While Flores's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

6

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Juan Jose Emilio Flores's pro se Motion for Compassionate Release (Doc. # 153) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of February, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE